## HOFFMAN *v.* YOUNG[*].

*(Circuit Court, E. D. Pennsylvania.. April 28, 1880.)*

PATENT—IMPROVEMENT IN TRIPOD HEADS.—A patented improvement in tripod heads for surveyors' instruments compared with previous devices and patent sustained.

COMBINATION OF OLD DEVICES—WHEN PATENTABLE.—If a combination of old devices contains (1) a novel assemblage of parts exhibiting invention, and (2) the co-operation of those parts producing a new result, it is patentable. The parts need not act simultaneously, if they act unitedly to produce a common result.

*Per Butler, J.* It may be conceded that in this respect the case is near the border line. If nearer, however, the *prima facie* right established by the letters patent, (strengthened, possibly, by the respondent's tardiness in discovering this defence,) would justify a decree in the plaintiff's favor.

[*]Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

Hearing on bill, answer and proofs.

This was a bill in equity to restrain the alleged infringe-ment of a patent. The facts are sufficiently stated in the opinion.

*Allen H. Gangewer,* for complainant.

*G. Morgan Eldridge* and *Wm. Ernst,* for respondent.

BUTLER, D. J. On November 20, 1877, letters patent No. 197,369, for an "improvement in tripod heads for surveyors' instruments," were issued to the complainant, the claims in which are as follows: "*First,* the combination with the plate A, having central opening *a,* and the plate C, having the socket *c,* extending through said opening of the ball D, hav-ing threaded neck *d,* the levelling screw-plate E, having ball *g,* and the instrument-plate F, having neck *c* and socket *h,* substantially as specified. *Second,* the combination with the base-plate A, having central opening *a,* and the socket-plate *c,* having neck *c,* of the carrying-plate B, having aperture *b,* fitting said neck, and the levelling mechanism of a tripod head, substantially as specified. *Third,* a tripod head, hav-ing a ball and socket-joint for the base plate, in combination with the instrument-plate F, having a spherical bearing *g h,* concentric with said ball and socket-joint, and levelling-plate E, substantially as specified."

The object of the invention, as stated in the patent, was "to devise a tripod head of such construction that it may be levelled with absolute accuracy and expedition, and may be adjusted horizontally for bringing the center of the instru-ment over a fixed point on the ground, whatever be the na-ture of the same or its inclination."

The bill charges the respondent with infringing this patent. The answer, as originally filed, (virtually admitting the valid-ity of the patent,) denies the allegation of infringment; alleges that the respondent's tripod heads are made in pursuance of letters issued to himself on April 20, 1878; and, also, that he has a license from the complainant. By amendment, the validity of complainant's patent is attacked, and his instru-ment declared to be a combination, simply, of those of William

J. Young and John Francis Pastorelli, previously patented, without any new combined result being obtained thereby.

On the argument the defence was confined to the alleged invalidity of the patent, the denial of infringement being abandoned. If this defence is well founded it must be conceded that the respondent was slow to discover it. His application for a similar patent, (for the one he obtained is, essentially, similar,) and his acceptance of a license from the complainant, are wholly irreconcilable with his present position, which seems not to have been assumed until all other grounds of defence had failed. It is not, however, too late to raise this question, and it must, therefore, be decided.

The complainant admits that the lower part of his instrument—the shifting device—is not new, and bases his claim on the combination with this of the upper part—the device for horizontal adjustment; denying that this latter device is copied from Pastorelli's, and asserting that if it were the combination of such old devices in one instrument, as here shown, whereby the lateral and horizontal adjustments are effected by one act or process, would sustain the patent. Our judgment is with the complainant on both questions. Without elaboration, it is sufficient to say that we regard the upper part of the instrument as materially different from Pastorelli's invention. The points of difference are minutely and intelligently stated by the complainant's witnesses, and it would be profitless to repeat them here. While the respondent's experts pronounce a different judgment, a comparison of the instruments has satisfied us that they are materially different. The arched bearing surface, connected with the leveling screws and supporting the instrument plate, securing a steady, firm rest for the instrument, and utilizing the friction produced by its weight, is alone sufficient to distinguish the complainant's invention from Pastorelli's.

If, however, the complainant's invention consisted exclusively in combining the former separate inventions of Young and Pastorelli in one instrument, with the result here exhibited, we would still hold the patent valid. That it required invention to do this, and that great saving of time and labor in adjusting

surveyor's instruments, and great consequent advantage to the public are attained by such combination, is very clear. This alone, however, would not support the patent. A mere aggregation of old parts, without any new result issuing from their united action, is not patentable. The parts must combine in operation, and by their joint effect produce a new result. They need not act simultaneously. If so arranged that the successive action of each contributes to produce the result, which, when obtained, is the product of all the parts, viewed as a whole, a valid claim for this combination may be sustained. *Williams* v. *R. Co.* 15 O. G. 655; *Waring* v. *Wilkinson,* Id. 247; *Forbush* v. *Cook,* 2 Law Rep. 664; *Herriny* v. *Nelson,* 12 O. G. 362.

As was said by Commissioner Liggett, in *Lynch* v. *Dryden,* 3 O. G. 407, neither the courts nor commissioners have attempted to define a patentable combination so exactly as to be suited to universal application—broad enough to include all that is legitimate, and narrow enough to exclude all else. It would seem, however, from the decisions, that two things are always necessary—*First,* a novel assemblage of parts, exhibiting invention; *second,* the co-operation of the parts in producing a new result. By the term co-operate, however, the courts do not mean merely acting together or simultaneously, but unitedly to a common end, a unitary result. Each and every part must have its sub-function to perform, and each must have a certain relation to, and dependence upon, the other.

The result attained by the complainant's invention is the complete and expeditious adjustment of surveyors' instruments; their erection vertically, over a fixed point on the ground, by, substantially, a single act. This result was not attainable before by either or both the instruments referred to by the respondent. The result is, therefore, new in the sense here involved; and, as we have seen, is highly beneficial. In accomplishing it the shifting and levelling devices act in combination, each working to this end and uniting in its production. Though not essential that they should, they do, or, at

least may, act simultaneously. It may be conceded that, in this respect, the case is near the border line. If nearer, however, the *prima facie* right established by the letters patent (strengthened, possibly, by the respondent's tardiness in discovering this defence) would justify a decree in plaintiff's favor.