CAPITAL CASH-REGISTER CO. v. NATIONAL CASH-REGISTER CO.

(Circuit Court of Appeals, Second Circuit. November 7, 1895.)

PATENTS—INFRINGEMENT—CASH REGISTERS.

The Campbell patent, No. 253,506, for an improvement in cash registering apparatus, construed (on appeal from an order granting a preliminary injunction) as to the third claim, and the same *held* infringed by defendant's apparatus.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This was a bill in equity by the National Cash-Register Company against the Capital Cash-Register Company for alleged infringement of letters patent No. 253,506, issued February 14, 1882, to Michael Campbell, for improvements in cash-registering apparatus. The circuit court made an order granting a preliminary injunction, from which order the defendant appealed.

Franklin Scott and C. E. Mitchell, for appellant.

Edward Rector, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. This appeal, which is from an order granting a preliminary injunction, involves the single question whether the defendant's apparatus infringes the third claim of the patent in suit, as that claim has been construed by the circuit court of appeals for the Third circuit. 3 C. C. A. 559, 53 Fed. 367. The contention for the appellant is that its apparatus does not embody that of the patent, because it dispenses with the "mediate connection" between the drawer holder, D, of the patent, and the series of keys which is an element of claim 3. The drawer holder, D, is a lever, the rear end of which projects downward onto the drawer, and engages the rear end thereof; in other words, the thing which holds the drawer. The defendant's machine connects such a drawer holder with the keys by the mediate connection of a frame carrying a horizontal crossbar which unites its ends. The mediate connection of the patent is any device by means of which the movement of the keys can be transmitted to the drawer holder. The frame with its horizontal crossbar of the defendant's apparatus is such a device. It is quite immaterial that the drawer holder is made integral with the frame.