AMERICAN SODA-FOUNTAIN CO. v. GREEN et al.

(Circuit Court, E. D. Pennsylvania. June 11, 1896.)

1. PATENTS—VALIDITY OF COMBINATIONS.

    It is an unsafe ground upon which to overturn a patent for a combination that all the elements of the combination may be found partly in one prior structure, and partly in others. Dederick v. Cassell, 9 Fed. 306.

**2. SAME—COMBINATION—AGGREGATION.**

A patent cannot be declared invalid, as for a mere aggregation of elements, when the object to be attained by the apparatus or machine would not be accomplished except by the mutual relation and co-operation of the several elements.

**3. SAME—SODA-WATER FOUNTAINS.**

The Witting patent, No. 414,272, for improvements in dispensing apparatus for soda water, covers a true combination, as distinguished from a mere aggregation, and is valid.

This was a suit in equity by the American Soda-Fountain Company against Green and others for alleged infringement of a patent for improvements in soda-water apparatus. The case was heretofore heard on exceptions to defendant's answer. 69 Fed. 333.

Joshua Pusey, for complainant.

Strawbridge & Taylor, for defendants.

ACHESON, Circuit Judge. The plaintiff, suing as the assignee of letters patent No. 414,272, granted November 5, 1889, to Theodore I. Witting, for improvements in dispensing apparatus for soda water, etc., charges the defendants with the infringement of the second claim of the patent. The construction, combination of parts, and method of operation of the apparatus are succinctly and correctly stated in the following extract from the brief of plaintiff's counsel:

The Witting structure consists of a case, generally similar to those in common use, in which is contained an ice chamber, and immediately below the latter a cold-air chamber, which is a receptacle for a horizontally removable syrup can, with a faucet in the lower part of the front end thereof, all located entirely within the said case. Beneath the bottom of the forward end of this can receptacle is a recess open in front, and in the roof of this recess is an aperture that registers with an orifice in the faucet, through which, when the faucet is suitably rotated, a quantum of syrup may descend into a glass or tumbler placed in the recess to receive it. In the front of the case, opposite to the faucet end of the can receptacle, is hinged, at the lower edge, a door, termed a "drop door" in the patent, in which is journaled a shaft, whose inner end projecting into the receptacle is bifurcated so as to register with, and accurately engage, the flattened end of the faucet when the door is closed, and whose outer end is provided with a handle for conveniently turning the shaft. The mode of operation is as follows: When it is desired to draw syrup from the can, the shaft is suitably rotated,—a quarter turn,—and consequently the faucet, whereupon the syrup escapes into the glass slid into the recess. When it is required, for any purpose, to get at the interior of the receptacle, as, for example, to extract the can in order to replenish the syrup or to insert another filled can, the door is opened and dropped down upon its hinge, the external part of the handle shaft passing into the aforesaid recess. This permits the lateral or end withdrawal of the can. When the latter is returned within the receptacle, the door is swung up to the normal position, thus securely closing the receptacle, and the bifurcated shaft again engages the end of the faucet. The operation requires but an instant, so that the loss, so to say, of cold from entrance of the external air into the can receptacle is reduced to a minimum.

The second claim of the patent is as follows:

(2) The combination of the outer case provided with a recess for containing glasses, drop doors hinged to said case above said recess, and having journaled therein keys or handles for operating the syrup faucets, and laterally movable syrup cans and attached faucets located entirely within the case, for the purpose substantially as herein set forth.

Infringement by the defendants is not denied, if the claim is valid. Two defenses are insisted on: First, that the alleged combination,

in view of the prior art, did not involve invention; and, second, that the claim is for an unpatentable aggregation.

Upon a careful examination of the many prior patents put in evidence for the defense, I do not find that any one of them anticipates the subject-matter of the second claim of the Witting patent. Indeed, the defendants' expert admits that no one of these anterior patents contains all the elements of Witting's second claim. His language is this:

These several features associated together as specified in this claim constitute a structure which is new in the sense that no prior structure that I know of contains all the features specified.

This witness, however, states that he finds "most of the features recited in the second claim of the Witting patent in the Lippincott 1887 patent," and that "the features which are not in the Lippincott patent are to be found either in the Adami patent, or in the Edwards patent." But it is unsafe ground upon which to overturn a patent, that all the elements of the combination may be found partly in one prior structure, and partly in other prior structures. Dederick v. Cassell, 20 O. G. 1233, 9 Fed. 306, 309. The suggestion has no controlling weight here. It may be noted that the Edwards patent appertains to a totally different art, that invention relating to a combined latch and lock. The proceedings in the patent office resulting in the issue of the patent in suit appear to have been conducted very carefully and intelligently by the officials, and the presumption that the subject-matter of the claim in question is sufficiently new and useful to support the grant has not been successfully rebutted. The fact is not without significance that the defendants, who are old and experienced manufacturers of apparatus for dispensing soda water, have seen fit to adopt the Witting improvement in preference to other combinations. Upon the whole, this defense is not sustained.

The second stated defense must also be overruled. The useful result here accomplished, it seems to me, is the joint effect of the several parts of the apparatus embraced by the second claim. Without their mutual relation to each other, and their co-operation, the desired object would not be attained. The specified union of parts is for a common purpose, which is achieved by the co-action of these parts. The question of what is a patentable combination, as distinguished from a mere aggregation of devices, has been considered in this circuit in the cases of Hoffman v. Young, 18 O. G. 794, 2 Fed. 74, 77, and National Cash-Register Co. v. American Cash-Register Co., 62 O. G. 449, 3 C. C. A. 559, and 53 Fed. 367, 371. The views expressed and enforced by the courts in those cases justify the conclusion I have reached, that the second claim of the Witting patent is for a true combination, in a patentable sense. Let a decree be drawn in favor of the plaintiff.