ROOD et al. v. EVANS et al.

(Circuit Court, E. D. Pennsylvania.   March 6, 1899.)

1. PATENTS—INFRINGEMENT.
Infringement may be avoided, however nearly approached, if the sub-ject-matter of the grant be not substantially taken; but, if the principle of the invention be appropriated, liability for infringement cannot be evaded on the ground that the mechanism employed does not, in form and structure, precisely correspond with that described in the patent.

2. SAME—MACHINES FOR SHAVING HIDES.
The Rood & Vaughan patent, No. 383,914, for improvements in ma-chines for shaving skins or hides, covers a very meritorious invention, and the claims should be so construed as to adequately protect it.   The claims therefore construed, and *held* infringed.

This was a suit in equity by John Rood and others against Robert Evans and others for alleged infringement of a patent for improve-ments in machines for shaving skins or hides.

Charles N. Butler and Charles C. Morgan, for complainants.
Henry E. Everding, for respondents.

DALLAS, Circuit Judge.   This suit is brought upon letters patent No. 383,914, dated June 5, 1888, issued to John Rood and Ira Vaughan, for improvements in machines for shaving skins or hides.   In the specification it is stated that the "present invention relates to im-provements in a machine for shaving skins, such as shown in the United States patent No. 339,323, granted to John Rood, said im-provements relating more particularly to the cutter cylinder, the knives of which are differently arranged from those in said patent." The prior Rood machine was not successful, and this was mainly due to the fact that it would not shave a skin or hide without leaving marks on the surface shaved.   The correction of this defect was the principal object of the present invention, and accordingly the atten-tion of the inventors was directed chiefly to the cutter cylinder, the knives of which they so arranged that in their operation the objec-tionable marking would not occur.   In this lies the gist of their invention.   As is said in the specification, they devised a cutter cylinder with its knives so arranged that "no mark will remain on the hide or skin after it has been operated on by them, and during the operation of shaving said hide or skin it will be kept in a smooth state, owing to the arrangement of the knives."   This cutter cylinder is specifically claimed as follows:

"(3) The cutter cylinder having the two series of knives, as described, ar-ranged in a spiral direction on the external surface of said cylinder, the direc-tion of each series being opposite to or the reverse of that of the other series, and the knives of each series extending from one end of the cylinder to and be-yond the middle of such cylinder longitudinally thereof until they abut each against the other, substantially as shown and described."

The cutter cylinder alone is not operative.   To constitute a com-plete machine, other devices are requisite, and accordingly the pat-entees, while discarding some of the parts theretofore used, pro-ceeded to organize the essential entire mechanism, by combining with their peculiar cylinder the pressure roller and the sharpening wheel

of the prior art; and this combination they claimed by their first two claims, which are as follows:

"(1) The cutter cylinder having the two series of knives arranged as described, in combination with the pressure roller and the sharpening wheel, arranged substantially as set forth.

"(2) The cutter cylinder having the two series of knives, as described, arranged in a spiral direction on the external surface of said cylinder, the direction of each series being opposite to that of the other series, and extending a short distance beyond the middle of the cylinder, longitudinally thereof, in combination with the pressure roller and sharpening wheel, arranged and provided with mechanism, substantially as explained, for operating such cylinder, roller, and wheel, as set forth."

There is no material difference between these claims. They are for the same combination, the elements of which, though more minutely described in the second claim, are sufficiently designated in the first. The complainants, so understanding the matter, have said, through their counsel, that they ask no decree upon the second claim.

I have examined the proofs with much care, but I do not propose to refer to them in detail. The validity of the patent, properly construed, cannot, I think, be reasonably questioned. The invention which it covers is a very meritorious one. No machine had previously existed which could acceptably do the work which the machine of the patent excellently performs. The claims should, if possible, be so construed as to adequately protect this achievement; and they may be so construed, I think, without doing any violence to their terms. Neither the pressure roller nor the sharpening wheel was specifically claimed; and no such claim, if made, could have been properly allowed. The cutter cylinder, however, was new, and for it, both separately and in combination with the pressure roller and the sharpening wheel, the inventors were entitled to a patent, and such a patent they obtained. The proofs disclose nothing in the prior art which, in my opinion, requires its restriction to a cylinder having knives extending beyond its mathematical middle; and I do not think that the terms of the claims impose any such limitation.

The proofs upon the question of infringement relate to several of the defendants' constructions as used in different factories; but these need not be separately considered. It is enough to say that it has been persuasively shown that they effect the same result as that of the patented machine, and also that they are composed of a cutter cylinder in combination with the pressure roller and sharpening wheel. If, therefore, their cutter cylinder be the same as that of the patent in suit, they infringe both its first and its third claims. If it be not, they do not infringe either of them. Hence, the identity, in the sense of the patent law, of the two cylinders, is the decisive question in the case. This question has been ably argued. It is not free from difficulty. It has been thoroughly discussed by the respective experts. Their opinions upon it are absolutely opposed. This, however, results in great measure from the different standpoints from which they have viewed the subject. If, as the defendants' expert has assumed, no cylinder can be an infringing one, the knives of which do not extend to and beyond the exact mathe-

matical middle of such cylinder, it must be conceded that the defendants do not infringe. But, although some of the language of the specification and of the claims seems to lend support to this position, it does not appear, when closely examined, to be tenable. The rule is, of course, that a patentee is to be restricted to his invention as he has seen fit to claim it; and this rule is, in my judgment, a wise and wholesome one. But is the present case one which calls for its application? I think not. The expressed object of these patentees was "to provide a cutter cylinder having its knives arranged so that it will shave a skin or hide without leaving marks on the surface shaved, and will also hold the skin from moving in a direction lengthwise of the cutter cylinder"; and it is clear to me, as I think it must have been to those skilled in the art, that, in framing their claims, they naturally had in contemplation, and intended to refer to, the normal type of cylinder, the mathematical middle and the working middle of which are the same. To attain the end they had in mind, the feature of importance was that the knives were not to be terminated until they abutted each against the other; and, that they might thus abut when attached to an ordinary cylinder, it was requisite that they should be extended beyond its middle. Consequently, the necessity for so extending them was pointed out, but without foreseeing—what there was no obligation to anticipate—that, by elongating one end of the cylinder, this necessity might be avoided, because the coincidence of the actual middle of the cylinder with its working middle would then not exist. Now, there is no difference between the body of the defendants' cylinder and that of the plaintiffs, except only that the length of the defendants' is greater in proportion to its diameter; and the only difference worthy of consideration in the arrangement of the knives is that the knives upon one of the sides of the defendants' cylinder may be, and are, made longer than those upon its other side. If the defendants' cylinder were so shortened as to make its proportions the same as the complainants', and so, also, as to make the series of knives upon each side of it of the same length, the two cylinders and the arrangement of their knives would be substantially identical. By simply lengthening one side of their cylinder, the defendants have presented a quite ingenious paradox. They have placed its middle a little to one side. In plain terms, they have slightly removed its working center from its actual center. By doing this, they have not, however, departed from the principle or mode of operation of the patented arrangement. It has been contended that they have improved upon it; but of this the proofs have failed to convince me. The weight of the evidence is decidedly to the effect that, in function, in mode of operation, and in result, the two cylinders are practically the same. I cannot but regard them as conflicting. Invasion of the rights of a patentee may be avoided, however nearly approached, if the subject matter of the grant be not substantially taken; but, if the principle of the invention be appropriated, liability for infringement cannot be evaded upon the ground that the mechanism employed by the infringer does not, in form and structure, precisely correspond with that described in the patent.

The suggestion that the elements of the first claim are merely aggregated, and not patentably combined, is, in my opinion, not well founded. The law as laid down in National Cash-Register Co. v. American Cash-Register Co., 3 C. C. A. 563, 53 Fed. 367, is plainly applicable to the facts of this case.

The contention that Rood and Vaughan were not joint inventors of anything more than the cutter cylinder specifically claimed has not been overlooked, but need not be discussed. As I view the case, it cannot be sustained. Decree for complainant.