GREENWALD et al. v. WEISS.

(District Court, W. D. Wisconsin.   June 7, 1910.)

(No. 23.)

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CHEESE STIRRING APPARATUS.

The Deal patent, No. 772,701, for a cheese stirring apparatus, was not anticipated and is valid, being for a new combination of old elements which act together to produce an improved result by securing a more uniform stirring of the milk in making brick or Swiss cheese, and shortening the operation; also, *held* infringed.

2. PATENTS (§ 81*)—PATENTABILITY—PRIOR USE—BURDEN OF PROOF.

To avoid a patent on the ground of prior use, the burden rests on the defendant, and the evidence must be clear and convincing.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 104; Dec. Dig. § 81.*]

In Equity.   Suit by Henry C. Greenwald and John D. Deal, as copartners, against Ernest Weiss.   Decree for complainants.

H. N. B. Caradine and Sam T. Swansen, for complainants.
Rufus B. Smith, for defendant.

SANBORN, District Judge.   This is a bill filed September 8, 1908, for the infringement of patent No. 772,701, applied for February 15, 1904, issued to complainant Deal October 18, 1904, for an improvement in cheese stirring apparatus.   The inventor thus describes it:

"The invention relates to apparatus used in the manufacture of cheese; and its object is to provide a new and improved stirring apparatus more especially designed for stirring milk in the cheese kettle and arranged to allow of moving the kettle over or off the fire without interruption of the stirring process."

Counsel for complainant describe the process as follows:

"In the making of brick and Swiss cheese, it is necessary that the milk be heated over a fire at a uniform temperature, for a period of about two hours, and during that process that the milk be continually stirred.   Prior to this invention, the stirring had been done by hand and required the service of one man for about two hours at each cheese making.   As the court probably knows, in factories making brick and Swiss cheese, cheese is made twice a day, and the season lasts about six months.   This machine takes the place of the hand stirring, and is naturally capable of stirring more evenly, without being affected by either heat or exhaustion, and in addition

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is so constructed that the kettle can be swung off the fire without interrupting the process of stirring, and swung back on the fire as may be desired. The stirring, however, is uninterrupted and continuous."

The first three claims are for combinations of the elements of the device specifically claimed in counts 4 and 5.

Claim 4:

"A stirring apparatus comprising a kettle, a stirrer in the kettle, a swinging support for the kettle, to move the latter over or from the fire, and a driving device for driving the stirrer in the kettle, arranged to drive the stirrer in any position the kettle may be in, the said driving device consisting of a gearing on the said support, connected with the shaft of the said stirrer, a counter-shaft, and a self-adjusting connection between the said counter-shaft and the said gearing, as set forth."

All the elements of the combination are old, but the latter is new, with a useful result, in an improved way. When the kettle is swinging off and on the fire, in order to keep a uniform temperature, all the elements act together to improve and shorten the period of the cheese stirring operation, secure uniform heat, and thus get better results. Even within the strict rule of Hailes v. Van Wormer, 20 Wall. 368, 22 L. Ed. 248, Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719, and Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749, Matthews, J., this combination is patentable. By the doctrine of those cases the combination must produce a different force or effect or result in the combined forces or processes from that given by their separate parts. "There must be a new result produced by their union. If not so, it is only an aggregation of separate elements." "All the constituents must so enter into it, as that each qualifies every other." This rule has been somewhat broadened and modified by later cases. Stephenson v. Brooklyn, 114 U. S. 149, 5 Sup. Ct. 777, 29 L. Ed. 58; Dane v. Chicago, etc., Co., 131 U. S. cxxvi, App'x, 23 L. Ed. 82; National, etc., Co. v. American, etc., Co., 53 Fed. 367, 3 C. C. A. 559; Brinkerhoff v. Aloe, 146 U. S. 515, 13 Sup. Ct. 221, 36 L. Ed. 1068. While the device under consideration is simple, yet it comes nearer to answering Mr. Justice Matthews' narrow rule than thousands of combinations which have been sustained as novel and useful.

In regard to the defense of anticipation by defendant's prior use of the device, the evidence falls far short of being satisfactory. Such evidence, in order to avoid a patent, must be clear and convincing. There is a heavy burden of proof on the defendant. Coffin v. Ogden, 18 Wall. 120, 21 L. Ed. 821. "Every reasonable doubt should be resolved against him." Cantrell v. Wallick, 117 U. S. 689, 6 Sup. Ct. 970, 29 L. Ed. 1017. The evidence tends to show that the device made by defendant's brother was not constructed until after Deal's application was filed, and it had neither a sleeve nor union joint.

As to infringement, there is only a faint attempt at denial. It is clearly shown. Complainants are entitled to decree for a perpetual injunction, and for damages and profits.