## SCHMID *v.* SCOVILL MANUF'G CO.

*(Circuit Court, S. D. New York. January 26, 1889.)*

**1. PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIM—CAMERAS.**

Letters patent No. 270,133, granted January 2, 1883, to William Schmid, for a combination with a photographic camera of a finder camera, "preferably located in the upper outer corner" of the camera case, are void for want of novelty. There was no invention in placing the finder in a new position, no new result being achieved, especially when the location is left entirely optional by the specification.

2. SAME—AGGREGATION.

    To place a finder camera on a photographic camera, each working independently of the other, is not combination, but aggregation merely.

3. SAME—NON-INFRINGEMENT.

    The claim, if sustained at all, must be strictly confined to the apparatus described, and this defendant does not use.

4. SAME.

    In letters patent No. 369,818, granted September 13, 1887, to William Schmid, for an improvement in photographic cameras, the claims are for a rotary shutter having an opening coinciding with the main tube of the camera, and having a pulley on its hub, connected by a cord with a pivot-arm, at one end of which is a sliding spring, capable of adjustment on a fixed rail. The separate elements, and rotary shutter having such an opening, and having on its hub a pulley on which was wound a string, connected with a spring-arm, the tension of which was varied by varying the length of the string, were old. *Held*, that the patent must be limited to the particular apparatus described, and is not infringed by the device covered by letters patent No. 377,554, granted February 7, 1888, to M. Flammang, which has a spring rigidly attached at one end, and connected at the other end directly, and not by means of the pivot-arm, with a cord which winds on the pulley.

5. SAME—COSTS.

    A complainant who sues on two patents and is defeated on one is not entitled to costs.


    In Equity.

    Bill by William Schmid against the Scovill Manufacturing Company for the infringement of a patent.

    *Goepel & Raegener*, for complainant.

    *Stearns & Curtis* and *Edwin H. Brown*, for defendant.


    COXE, J. The complainant charges the defendant with infringement of letters patent No. 270,133, and No. 369,818, granted to complainant, respectively, on the 2d of January, 1883, and on the 13th of September, 1887, for improvements in photographic cameras. In the first of these patents, No. 270,133, the object of the inventor was to enable the photographer, without the use of a tripod or covering cloth, to center the image of the object to be photographed upon the photographic plate by means of a *camera obscura*, so that he is able, if he so desires, to take a photograph while holding the camera under his arm. This finder camera is preferably located in the upper outer corner of the camera case, and is so adjusted that when the object to be photographed is centered there, the image from the photographing lenses will be properly centered also on the photographic plate. The third claim only is involved. It is as follows:

    "(3) The combination, with the described camera, of the supplementary tube and lens, J, together with the deflector, K, and the plate, L, arranged relatively to the photographing lenses of the camera, as described, so that when the image of an object to be photographed is seen centered on the plate, L, an image of the same object will be thrown by the said photographic lenses properly centered upon the photographic plate placed in the apartment, A′, all as specified."

    The defenses are want of novelty and non-infringement. The complainant concedes that photographic cameras, *camera obscuras*, and combined and interchangeable photographic cameras and finder cameras were

well known at the date of the invention. It was old, also, to place a finder camera on top of or below a photographic camera, and to affix a small finder camera to the top of a larger photographic camera. It is conceded, further, that to arrange two well-known cameras in this manner is aggregation merely. The complainant also admits that there is no invention in placing a finder on the case inclosing the photographic camera, but he insists that it required an exercise of the inventive faculty to place the finder in the case. Clearly, then, the only possible argument in support of patentability is found in the new location for the finder camera. To place the finder in this new position, without accomplishing a new result, does not constitute invention, especially in view of the fact that by the terms of the specification the location of the finder is left entirely optional. "It is preferably located in the upper outer corner of the part, B," but may be placed elsewhere, if desired. Wherever placed, its operation is the same. No new result is obtained by locating it inside the case. It operates inside, precisely as it did outside. The functions of both cameras are unchanged. Each does its work independently of the other. The complainant's arrangement may be more convenient, but that is all. A man does not become an inventor because he takes a spy-glass from the roof and sets it in his attic window. Furthermore, the claim is for an aggregation. There is no more combination between the two cameras than there is between the field-glass with which the artillerist reconnoiters the enemy's works, and the gun which he subsequently trains upon them; no more than there is between the finder telescope with which the astronomer explores the heavens, and the great refractor which he turns upon the desired object. It is thought, therefore, that the claim is void for lack of patentable novelty, but, if sustained at all, it is clear, in view of the prior art, that it must be strictly confined to the apparatus described, and this the defendant does not use.

The invention secured by the other patent, No. 369,818, "consists of a photographic camera in which a rotary shutter having an opening is passed quickly over the main tube when the retaining mechanism is released, which is accomplished at different speeds by a pivot-arm connected to the hub of the shutter, a sliding spring capable of adjustment on a fixed rail, and suitably operating mechanism." All the claims are involved. The defense is non-infringement. The first claim is for a combination, of which the following are the principal elements: *First*, a rotary shutter having an opening coinciding with the main tube of the camera; *second*, a pulley on the hub of the shutter; *third*, a pivot-arm, connected by a cord with the pulley; *fourth*, a spring applied at one end of the pivot-arm; *fifth*, mechanism for increasing or decreasing the tension of the spring. The other claims are still further limited by the introduction of other and minor features. Not only are the separate elements of this combination old, but it was old, in a photographic camera, to combine a rotary shutter with an opening coinciding with the main tube, a pulley on the hub of the shutter, and a spring-arm, connected by a string, which was wound upon the pulley. By shortening

or lengthening this string the tension of the spring was increased or diminished, and a more or less rapid exposure was thus obtained. The complainant must be limited to the particular apparatus described and claimed. Others had revolved rotary shutters in photographic cameras by similar mechanism, and he is in no position to invoke protection from the doctrine of equivalents. His was but one in a series of improvements. *Bragg* v. *Fitch*, 121 U. S. 478, 7 Sup. Ct. Rep. 978; *Snow* v. *Railway Co.*, 121 U. S. 617, 7 Sup. Ct. Rep. 1343. Thus construed, the claims are not infringed by "Complainant's Exhibit, Defendant's Shutter." This exhibit shows a spring rigidly attached at one end, the free end connecting directly with a cord, which winds on the hub-pulley. The pivot-arm, which is an important element of all the claims, is entirely omitted. So is the sliding spring, and the fixed rail. For the defendant's combination a patent—No. 377,554—was granted February 7, 1888, to M. Flammang. As to the shutter previously made by the defendant, and found in the "Complainant's Exhibit, Defendant's Camera," infringement is conceded. There should therefore be a decree for the complainant upon letters patent No. 369,818, for an injunction and an accounting, restricted, however, to the last-mentioned exhibit. As the complainant has been defeated upon letters patent No. 270,133, he is not entitled to costs.