AUTOSALES GUM & CHOCOLATE CO. et al. v. CAILLE BROS. CO.

(Circuit Court of Appeals, Sixth Circuit.    June 8, 1915.)

No. 2589.

PATENTS ⊜328—INVENTION—WEIGHING MACHINE.

The Baldwin patent, No. 659,910, for an improvement in weighing machines especially designed for automatic coin-operated machines for weighing persons, and which consists in placing either upon or adjacent to the dial a table of the normal weight of persons of different heights, is void for lack of invention, in that the machine and the table, both of which were old, do not co-operate to form a true combination.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the Autosales Gum & Chocolate Company and the Empire Trust Company against the Caille Bros. Company. Decree for defendant, and complainants appeal. Affirmed.

A. A. Thomas, of New York City, for appellants.

E. N. Pagelsen, of Detroit, Mich., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This is an appeal from a decree dismissing the bill of complaint in a suit brought to enjoin alleged infringement of a patent. The decree does not state the ground of dismissal, nor does any written opinion appear to have been rendered; but counsel in effect agree that the court stated orally that the device in suit lacks patentable invention. The patent, numbered 659,910, was issued to Leroy W. Baldwin, October 16, 1900, and in terms for "an alleged new and useful improvement in dial faces for weighing machines"; and appellant, the Autosales Gum & Chocolate Company, through mesne assignments, claims to be the owner of the letters patent and the invention therein described, subject to an instrument held by the other appellant, as trustee, to secure a loan. The bill contains averments and seeks relief of the ordinary character. The answer denies title in appellants, denies infringement, and, in view of the prior art, denies invention. The alleged invention is described by specification and drawings. The specification in part states:

"My invention relates generally to weighing machines; and it more specifically consists of a weighing machine having printed on its exterior a table showing the normal weights of persons of different stature," and "finds its most useful application to coin-operated weighing machines—that is to say, to machines which are automatically operated upon the introduction of a coin to either indicate or register the weight of a person or object at that time on the scales."

It is to be noted that the invention is here said to relate to weighing machines generally and to automatic weighing machines particularly, though the feature of a table showing normal weights would naturally limit both classes of machines to devices designed for weighing persons; and, apart from this table, the drawings are distinctly confined to the well-known automatic (or slot) weighing machines. This is sufficiently shown by the specification:

"Fig. 1 represents a standard table of the normal weights of men, women, and children of various heights and ages. Fig. 2 represents the upper portion of a coin-operated weighing machine of standard type, showing the dial thereof with the table shown in Fig. 1 printed thereon. Fig. 3 is a similar view of a weighing machine, showing in dotted lines the principal portion of the internal apparatus thereof."

There are two claims, and both are said to be infringed:

"1. A weighing machine provided with a weight indicator and with a table of the normal weights of persons of different stature exposed on its exterior, adjacent to the weight indicator, whereby both the indicator and the table can be seen at substantially the same time.

"2. A coin-operated weighing machine having an index hand and dial with the numbers for indicating the weight on the platform printed thereon, and also a table showing the normal weights of persons of different stature."

The language of the first claim is consistent with the beginning of our first quotation from the specification, in that it might fairly be said that the claim was not intended to be restricted to automatic machines for weighing persons; yet other portions of the specification, as well as the drawings, show this to have been the main purpose; and the course of trial and the arguments have proceeded upon this theory, and the infringing devices in issue are types only of the automatic machine. Our consideration should therefore be confined to the issue so presented. The patented device in suit consists in placing on the dial of the familiar automatic weighing machine, or on the machine adjacent to the dial, in addition to the usual figures and scale of the dial showing actual weights, a table of normal weights of persons of differing heights; so that a person, knowing his height, may compare the actual with the normal weight. It is to be observed that mechanism, set in motion by the dropping of a predetermined coin in the slot, is employed both to ascertain and show actual weight, while the printed chart is used to show normal weight, and that the actual height of the person weighing himself must be known or sought independently of the machine.

Concededly, at the time the patent was issued, automatic weighing machines and tables of normal weights were old. The language of the first claim would on first impression indicate that the table of normal weights is to be exposed on the exterior of the weighing machine and "adjacent" to (though not upon) its indicator of actual weights, and so that both the indicator and the table "can be seen at substantially the same time." The "weight indicator" mentioned in the first claim, and the "index hand and dial with the numbers for indicating" actual weight, named in the second, are the same; but, under the second claim, the table of normal weights is seemingly required to be printed on the dial, and Figs. 2 and 3 of the drawings show the table to be within the central horizontal chord and upper arc of the circle described by the weight-indicating figures on the dial. However, assuming, as we must, that these claims were intended to be consistent, and so to apply to tables which might be differently located with respect to the weight figures of the dial, under the first claim the table must be exposed on the exterior of the machine and either "adjacent" to the dial, or on its face, and, under the second, upon the face of the dial; still it is perfectly clear that neither involves any integral addition to or connection with the mechanism of the machine, since that was complete before. The most, then, that can be said of the so-called invention, is that the information furnished by the table was thus made available to the person being weighed; yet it hardly need to be suggested that this might have been done in other obvious ways that would have rendered the information equally available, without placing the table on the dial or any other part of the machine.

We cannot believe that such a combination as this involves patentable novelty; in our judgment, it is a mere aggregation of separate elements. Each element operates only in the old way. The machine does not coact with the table, nor the table with the machine, to

produce a unitary result. Further, while it is true that each element furnishes its own particular result to the person being weighed, yet these results remain distinct; they are dependent upon something else—the person's height—which admittedly is not ascertainable by any element of the combination. This is not to say that it is essential to the patentability of a combination that the elements shall severally contribute in like degree to the union and the consequent result required; it is that there must be some tendency of the elements combined in themselves to co-operate to bring about a novel and useful result, and that here the elements are not so related as to enter into any sort of a union that can rightfully be said to produce such a result. As Judge Dallas said, in National Cash Register Co. v. American Cash Register Co., 53 Fed. 367, 371, 3 C. C. A. 559 (C. C. A. 3d Cir.), when interpreting the opinion in Pickering v. McCullough, 104 U. S. 310, 26 L. Ed. 749:

"* * * A combination, to be patentable, must produce a new and useful result, as the product of the combination, and not a mere aggregate of several results, each the complete result of one of the combined elements. There must be a new result produced by their union."

The principle thus declared was recognized by this court in an opinion of Judge Knappen (International Mausoleum Co. v. Sievert, 213 Fed. 225, 229, 129 C. C. A. 569); again, in an opinion of Judge Denison (Dunn v. Standard Computing Scale Co., 204 Fed. 617, 623, 123 C. C. A. 111). And in Reckendorfer v. Faber, 92 U. S. 347, 357, 23 L. Ed. 719, Mr. Justice Hunt said:

"The combination, to be patentable, must produce a different force or effect, or result in the combined forces or processes, from that given by their separate parts. There must be a new result produced by their union; if not so, it is only an aggregation of separate elements."

See Brinkerhoff v. Aloe (C. C.) 37 Fed. 92, 96, opinion by the late Judge Thayer, which was distinctly approved and affirmed by the Supreme Court, 146 U. S. 516, 517, 13 Sup. Ct. 221, 36 L. Ed. 1068.

It is stated in the specification that "the invention greatly increases the earning power of the coin-operated weighing machine by exciting the interest of passers-by. * * *" Some testimony to this effect was also offered; and earning capacity is seriously urged as evidence of patentable invention. In cases of doubtful validity, the fact that the patented device has met with favor among those having occasion to use it is frequently helpful; but it is unimportant in a case of clear lack of the inventive quality. When denying the petition for rehearing in Richards v. Chase Elevator Co., 159 U. S. 477, 487, 16 Sup. Ct. 53, 40 L. Ed. 225, which involved a patent for a grain-transferring apparatus, Mr. Justice Brown said:

"To make a combination of old elements patentable, there must be some new result accomplished, and as the result in this case is a mere aggregation of the several functions of the different elements of the combination, each performing its old function in the old way, we see nothing upon which a claim to invention can be based. The device is undoubtedly a convenient one, and appears to have proven profitable to the patentee; but we are unanimously of opinion that it lacks the necessary quality of invention."

Careful examination of the record and the briefs satisfies us that further discussion of the assignments is unnecessary; and the decree is accordingly affirmed, with costs.