### SMITHEY v. ROBERTSON, Commissioner of Patents.

(Circuit Court of Appeals, Fourth Circuit. May 6, 1924.)

No. 2164.

Patents ⟨⟩25—Patent held properly refused as for a mere aggregation of unrelated elements, not co-operating to produce unitary result.

An application for a patent *held* properly rejected, as not disclosing a patentable combination, but a mere aggregation of unrelated elements not co-operating to produce a unitary result.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Suit in equity by Marvin Smithey against Thomas E. Robertson, Commissioner of Patents. Decree dismissing bill, and complainant appeals. Affirmed.

C. J. Williamson, of Washington, D. C., for appellant.
Theodore A. Hostetler, of Washington, D. C., for appellee.

Before WOODS and WADDILL, Circuit Judges, and WEBB, District Judge.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WADDILL, Circuit Judge. This is an appeal from a decree of the United States District Court for the District of Maryland entered on the 9th day of February, 1923, dismissing complainant's bill.

The bill was filed pursuant to the provisions of section 4915 of the Revised Statutes of the United States, as amended by the Act of February 9, 1893 (section 4915 R. S.; Comp. Stat. § 9460; amended act, section 9456, Comp. Stat., 27 Stat. 436), praying that the complainant be adjudged by the court entitled to a patent for his invention particularly specified in his claims, notwithstanding the fact that the same had been refused and adjudicated against him by the proper authorities authorized to issue patents.

The section in question as amended provides briefly that, whenever a patent on application is refused, either by the Commissioner of Patents or by the Court of Appeals for the District of Columbia, the appellant may have a remedy by bill in equity, and the court having cognizance thereof, on notice being given as required by the act, may adjudge such applicant is entitled according to law to receive a patent for his invention, as specified in his claim, or for any part thereof as the facts in the case may warrant, and in case of an adjudication favorable to the applicant, to authorize the Commissioner to issue such patent upon the applicant filing in the Patent Office a copy of the court's adjudication and otherwise complying with the law.

The appellant's application was for a patent for an improvement in oil registering devices, dated May 23, 1916, serial No. 99,345, and contained three claims, as follows:

"1. An apparatus substantially as described comprising a casing, an odometer or odometers therein for indicating the results accomplished, said odometers being automatically operated in securing such results, and a pair of registers arranged laterally to each other, and adapted to indicate the material or materials consumed in effecting the result indicated by the odometers, and means for manually operating said registers, said means consisting of devices projecting laterally beyond the casing at the opposite sides thereof and symetrically disposed, as and for the purposes set forth."

"2. An apparatus substantially as described comprising a casing, odometers therein for indicating the total and trip mileage, said odometers being automatically operated, and an oil register and a gasoline register in the casing and arranged laterally to each other, and having means whereby they may be manually operated, substantially as set forth."

"3. An apparatus substantially as described comprising a casing, odometers for indicating the results accomplished, said odometers being automatically operated in securing such results, and a manually operated and controlled register or registers for indicating the material or materials consumed for effecting such results."

The application, as respects the three claims set forth, was duly considered in the Patent Office, first by a primary examiner, then by the Examiners in Chief, and finally by the Commissioner, and a patent refused. From this action an appeal was taken to the Court of Appeals for the District of Columbia, and the decision appealed from was affirmed. Upon filing the bill in the District Court of Maryland, the case was fully heard on testimony adduced, with the result that the decree complained of dismissing the bill of complaint was entered, from which this appeal was taken.

The assignments of error present for the consideration of the court whether the District Court erred in holding that appellant's claims were without patentable invention, and in denying the relief prayed for, and dismissing the bill. Careful examination and consideration of the record in this case shows that in the Patent Office, as well by the primary examiner as by the Examiners in Chief and the Commissioner of Patents, a thorough investigation of the question of the patentability or nonpatentability of the complainant's devices was had, and after careful deliberation it was determined that the claims were nonpatentable for lack of novelty, and the primary examiner and the Examiners in Chief reached the conclusion that whatever there was of novelty in the supposed invention, it had been theretofore anticipated in the prior art by others. The Court of Appeals of the District of Columbia (In re Smithey, 265 Fed. 1014, 49 App. D. C. 374), upon appeal, affirmed this action, and held that placing within the casing of an ordinary speedometer and odometer a manually operated register, as an independent unit to record the quantity of gas and oil supplied to an automobile, was not a valid combination for which a patent could be granted.

After the fullest consideration, we find ourselves in full accord with the views of the Commissioner of Patents, and the Court of Appeals of the District of Columbia affirming the same, with respect to the nonpatentability of the claims in question. The principle upon which the element of patentability arises, resulting from a combination of devices, is well understood, and it will be found that the claims made in this case do not present such novelty as would warrant the issuance of a patent therefor. There is no such relation of the parts of the proposed appliance one to the other, and no such coacting one with the other, as to produce a true result. The gasoline and oil registers have neither a mechanical nor a co-operative relation with the speedometer or the odometer elements. Each operates independently of the other, and combined are but a mere aggregation of unrelated elements, not co-operating to produce a unitary result, and therefore unpatentable.

We concur fully with the Commissioner of Patents and the Court of Appeals for the District of Columbia in the view that the combination in question is one operating entirely through the intelligence of the user, and hence not sufficient of itself to constitute a valid combination. In re Smithey, 265 Fed. 1014, 49 App. D. C. 374; supra, and cases cited; Schmid v. Scovill Mfg. Co. (C. C.) 37 Fed. 345; Autosales Gum, etc., Co. v. Caille Bros. Co., 224 Fed. 473, 140 C. C. A. 159; Gas Machinery Co. v. U. S. Gas Improvement Co., 228 Fed. 684, 143 C. C. A. 206; Willard v. Union Tool Co., 253 Fed. 48, 53, 54, 165 C. C. A. 646; Muser v. Bell (C. C. A.) 278 Fed. 904, 912; Gross v Frank (C. C. A.) 293 Fed. 702; Hailes v. Van Wormer, 87 U. S. (20 Wall.) 353, 368; Brinkerhoff v. Aloe, 146 U. S. 515, 13 Sup. Ct. 221, 36 L. Ed. 1068; Richards v. Chase Elevator Co., 158 U S. 299, 302, 15 Sup. Ct. 831, 39 L. Ed 991; Office Specialty Co. v. Fenton, etc., Co., 174 U. S. 492, 498, 19 Sup. Ct. 641, 43 L. Ed. 1058.

Full consideration has been given to the authorities cited by the appellant, and in our opinion they do not serve to produce a result

different from that announced herein as bearing on the claims in issue in this case.

The decision of the District Court appealed from will be affirmed, with costs.

Affirmed.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes