## Application of LUDWICK.

(Court of Appeals of District of Columbia. Submitted January 12, 1925. Decided April 6, 1925.)

### No. 1664.

1. Patents ⊙➡25—Claims covering aggregations of unrelated elements held properly disallowed.

Claims covering aggregations of unrelated elements *held* properly disallowed.

2. Patents ⊙➡26(1)—Combination of old elements, resulting in improvement over prior art, not patentable, where parts function as before.

A combination of old elements, though resulting in improvement over prior art, is not patentable, where various parts function as before.

Appeal from Commissioner of Patents.

Application for patent by Harlan M. Ludwick. From a decision of the Patent Office, disallowing certain claims, applicant appeals. Affirmed.

A. E. Paige, of Philadelphia, Pa., for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a Patent Office decision disallowing claims 1 to 18, inclusive, 23, 24, and 25, of appellant's application.

[1] The device is a force feed lubricator designed for lubricating various bearings of machinery, more particularly a roller mill. The Primary Examiner disallowed all the claims, because, in his view, they were anticipated by the prior art. The Board allowed claims 19 to 22, inclusive, but affirmed the Examiner as to all the other claims, and this decision in turn was affirmed by the Assistant Commissioner. As to claims 1 to 12, inclusive, the Assistant Commissioner said:

"No error is found in the holding of the lower tribunals that claims 1 to 12 cover aggregations of unrelated elements. Claim 1, for example, comprises a page and a half of typewritten matter and includes substantially every detail of the lubricator. This class of claims was discussed and condemned by Commissioner Fisher in Ex parte Lawrence, 1869 C. D. 83."

[2] This ruling was in line with the decisions of this court. A combination of old elements, though resulting in an improvement over the prior art, is not patentable, when the various parts function as before. In re Merritt, Black, and Morris, 36 App. D. C. 122; In re Smithey, 49 App. D. C. 374, 265 F. 1014; Smithey v. Robertson (C. C. A.) 299 F. 248.

We have carefully examined the other claims, and are content to rest our decision upon the reasoning of the tribunals of the Patent Office.

The decision is affirmed.

Affirmed.