### EVANS v. ASSOCIATED AUTOMATIC SPRINKLER CO.

(District Court, E. D. Pennsylvania. February 21, 1916.)

#### No. 1431.

PATENTS ☞62—PERSONS ENTITLED TO PATENT—EVIDENCE AS TO ORIGINALITY AND PRIORITY.

In a suit involving the question of priority of invention between parties, each of whom had applied for letters patent, and neither of whom had failed in due diligence, evidence *held* to show that defendant's assignor, who first applied for a patent, was also the first to conceive the invention, and was the original or first inventor of the device described.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 78; Dec. Dig. ☞62.]

In Equity. Suit by Powell Evans against the Associated Automatic Sprinkler Company. On trial hearing on bill, answer, and proofs. Bill dismissed.

Howson & Howson, of Philadelphia, Pa., for plaintiff.
Fenton & Blount, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Since the trial of the case, and within the time allowed for the submission of paper books, the plaintiff asked leave to submit what is really after-discovered evidence. The testimony involved in the application was, by agreement, taken in the form of a mixture of affidavits and depositions, and was, by stipulation, added to the stenographer's notes; the testimony and evidence to be considered as part of the testimony and evidence taken and submitted in the cause. The decision of the case turns wholly upon a question of fact. The law of the case is settled, and has been so thoroughly considered and fully discussed in decided cases that nothing more is called for than reference to the case of Christie v. Seybold, 55 Fed. 69, 5 C. C. A. 33.

The trial and the argument were so conducted and so marked with the spirit of fairness, and the ability which always accompanies it, that we do not feel called upon to do more than to state the conclusions reached. The question is one of priority of invention. Tracing back the path which each inventor has trod, in order to find his starting time, we find two significant marks which have been made. Rowley, the defendant's assignor, filed his application for letters patent May 22, 1913. The plaintiff did not file his application until March 13, 1914. In consequence of this Rowley is to be found the first inventor, unless and until further evidence appears. No other mark

which either party has made is established by such evidence as that the mind can rest upon it as a certainty. Whatever other facts are found must be found by the aid of the rule of a fair preponderance of the evidence. This observation must be qualified by the statement that it is clear that both Rowley and Evans conceived the general thought of this invention, and each with due diligence perfected it and reduced the invention to practice. It is to be further qualified in the respect that other indisputable marks of progress in perfecting their respective inventions were made, although at such times as not to aid us in our search for the first inventor. So far as affects this case, then, we have certain knowledge only of the two facts—that each of the claimants invented this sprinkler, and that Rowley was a year ahead in filing his application.

In considering those features of the case which call for a weighing of the evidence, this further observation may be made. The experience of all attests the fact that testimony of when a conception first arose in the mind is unreliable. This is aside from any ethical considerations. The most common of remarks heard when one first examines an invention pertaining to something in which the examiner is interested is:

"That idea is old. I had that in mind years ago, and had always intended to work it out."

The truth is that, although the party did have some such general idea in mind, if he had attempted to produce a concrete embodiment of it, the idea would have disappeared. This is another very common experience. If one is at work upon a problem of any difficulty or complexity, time and again he has what he thinks is a complete conception of how to work it out. When he attempts a practical test of his idea, even by the simple method of formulating a description of it in words, it breaks down somewhere, because not complete. The only evidence which will fix a date is something done. With this in mind, the fair weight of the evidence inclines the balance of the judgment toward these conclusions:

Evans conceived his invention not before November 21, 1912. He does not lay claim to an earlier date. Rowley conceived his not later than November 6th or 28th. He makes claim to a date which goes back as far as 1905. With no thought of questioning the honesty of his belief in the correctness of the earlier date, there is no evidence from which we could find it as the date of his invention. We are satisfied, however, and so find, that he was before the plaintiff in the general thought of finding what they each afterwards found, and was first to work upon it. We are further satisfied, and so find, that he had so far progressed in accomplishing the task he had set himself that he was, at the time he entered defendant's employ, confident of his ability to produce this sprinkler, and sure of how he would make it. Because of his previous work upon the problem he was able in a few days to produce links in proof of his statement of his ability to do so. The design of the plaintiff was reduced definitely to practice on January 15, 1913. This is the date he himself fixed. The date of reduction to practice by Rowley cannot be fixed with equal positive-

ness. The fair weight of the evidence would place it at a date not later than December 25, 1912. No charge is made that either failed in due diligence of prosecution.

The finding would follow that Rowley was, and Evans was not, the original and first inventor of the invention in controversy, within the meaning of the patent laws. This finding has some confirmation in this thought: Had matters taken the usual and to be expected course, letters patent would have issued to Rowley, if acted upon before the Evans application was filed. If the patent had so issued, the evidence of prior invention by Evans would not have filled the measure of proof required to have overcome the prima facie priority of invention which the grant of letters patent would have imported. This is not, however, the measure required of the plaintiff under the conditions of the present trial. The case is to be disposed of upon a comparison of the fair weight of the evidence on the one side and the other. Counsel concede this to be the proper measure to apply. There is, in consequence, no occasion to prolong this opinion by any discussion of its proper application. Had the proofs in the cause stayed in the condition they were when the trial rested, we think the scales of evidence would incline toward the finding that the Rowley invention, in conception, was not later than November 6, 1912.

The judgment of the correctness of this date is shaken by the after-discovered evidence, and much plausibility is given to the argument in favor of the inference that the correct date is November 28th. The comparison in the first instance is between November 6th and November 21st. In the second instance it is between November 28th and 21st. The reading of the scale thus becomes as close as the dates. We still feel, however, that the inclination of the balance is toward the priority of the Rowley invention. The incline starts with the fact, already noted, that Rowley was the first to give his thoughts to the invention. He was also the first to think he had worked out the problem. The weight of the evidence would seem to be (although here is the crucial point where room for doubt exists) that he was the first to test the completeness of his conception by the production of an embodiment of his inventive idea in the form of a link, the effectiveness of which could be itself tested. The fact could quite confidently be found that Rowley believed, before he entered the employ of defendant, in his ability to produce his improved sprinkler. It is further clear that he at once employed himself at this task and promptly justified himself by the results. He fixes the date of this accomplishment as not later than November 6th, because it was shortly after he entered defendant's employ. This date he fixed as November 2d. He is corroborated both as to fact and date by Mr. Lewis. Rowley, at the time of his employment, disclosed his confidence in his ability to devise the desired link. He exhibited to Mr. Lewis what he had accomplished. Mr. Lewis in turn disclosed the invention to his brother in New York on two occasions. The first he fixes as election day, and the second as Thanksgiving Day, November 28th. This bears out the date of November 6th.

The existence of the device as one under test on December 25, 1912,

229 F.—64

is fairly well established. This is promptly followed by the application for letters patent on May 22, 1913. The evidence thus weighed would justify the inference of the priority of the Rowley invention. The real strain of the Rowley claim is between the dates of November 6th and November 28th, and to establish the earlier date. The real strain of the Evans claim is on the date of November 21st. The race is thus seen to be a close one, because Evans claims to be ahead only in the conception of his invention, and as to that by the margin of seven days. Pursuing the suggested figure of speech, Evans can be declared the winner only by its being decided that the lap which he claims to have finished on November 21st was finished at that time, and that Rowley did not reach the same goal until November 28th. The argument in favor of this claim we have characterized as plausible. It is more. It is forceful. It is that Rowley is mistaken in the date of his employment by the defendant. He left his former employer, the International Company, not on November 6th, as he supposed, but on November 8th. The weight of the evidence strongly favors this. It follows that Lewis could not have shown the Rowley link on November 6th, but the real date was November 28th.

The argument, however, lacks full convincing power in this: It pushes the Rowley evidence from November 6th, but not to a later date than November 13th. It changes the conclusion to be drawn from the Lewis testimony that his conversations with Rowley were before Rowley came to work, and that it was on his second, and not his first, visit to New York he showed the tested link to his brother. In short, it somewhat weakens, but it does not overcome, the evidence that Rowley was ahead of Evans in first conception, as he undoubtedly was in every other accompaniment of the invention. The evidence that Rowley was ahead of November 21st remains quite as strong as that Evans had fully conceived his invention on that date. It is clear that experimental shopwork was done in the way of developing the Evans idea on that date. It is clear that a sketch of what Evans then wanted done was at that time given to the man in charge of the work. It could readily be found that the paper on which the sketch was made is the paper produced. It could not be found, with any satisfying degree of belief, that the sketch then shown is the sketch now shown on the paper. This uncertainty (indeed, the inference otherwise) is due to the fact that the experiment was continued and the inventive idea was being progressively developed to a much later date, and that when some time afterwards Evans himself came to date his sketch, he dated it January, 1913. This, of course, may have been an error; but the justifiable inference is that, with all the evidence before him then which we have before us now (except the evidence of the Rowley invention), Evans himself did not feel justified in placing the birthday of his completed idea before January, 1913.

The evidential value of this is as a declaration by him. The evidential force lies in the answer to this question. If he then could not give an earlier date than January, 1913, how can we now find the date was November 21st? The conclusion reached is that Evans cannot maintain his claim of right to this invention, because we are not

able to find that he was the original or first inventor of the device described in the patent in suit, but, on the contrary, do find that Rowley was such first inventor.

The bill of complaint is accordingly dismissed, with costs to defendant.