### ELLIOTT MACH. CO. v. ROTHSCHILD & CO. et al.

(Circuit Court of Appeals, Seventh Circuit. August 29, 1916.)

#### No. 2290.

PATENTS. ☞328—INVALIDITY—SHOE BUTTON FASTENING MACHINE.

 The Elliott patent, No. 765,616, for improvement in shoe button fastening machines, in view of the proceedings in the Patent Office, must be limited to the making of the button feeding tube detachable and supplying the machine with a plurality of such tubes for use with buttons of different sizes, and, as so construed, is void for want of invention.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Elliott Machine Company against Rothschild & Company and others. From a decree of the District Court dismissing bill for injunction charging infringement of United States letters patent No. 765,616, to Minnie S. Elliott, for "attachment for button setting machines" (224 Fed. 502), plaintiff appeals. Affirmed.

Edward Rector, of Chicago, Ill., for appellant.

William O. Belt, of Chicago, Ill., for appellees.

Before MACK, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge. The so-called attachment consists of a detachable button chute or tube in a machine for attaching buttons to shoes, through which chute the buttons pass from the hopper, or source of the button supply, to the place of attachment to the fabric. The commercial Elliott machine, on the market for years prior to filing application for this patent, had the same kind of chute, save only that it was not readily detachable, but was so placed that to remove it required some dismemberment of the machine. However, the patent in question does not purport to cover the Elliott machine in its reconstructed form to admit of ready detachment of the chute, but, as granted, limits the award to this inventor to the elements of that machine as combined with the distinctive feature of a detachable button chute.

The button chute of the patent, as well as of the machine in long prior use, has a retaining spring or device at its lower end to prevent the column of buttons, which descend in the chute by gravity, from running out. A sort of feed finger in the machine reaches in between

the lowest button and the one next above, and forces or pushes the lowest button down through the chute, past this retaining spring, to the place for attaching to the fabric, and, the finger being withdrawn, the button next above falls against the retaining spring, ready to be next seized and pushed down by the feed finger. This retaining spring must be at such a place on the chute that the feed finger will reach in at the point between the two buttons, and will not strike upon either. With large buttons in the chute the point between the two lower but-tons would be higher in the chute, and with small buttons it would be lower. Thus the retaining spring must be fixed correspondingly higher or lower on the chute, so the point between the two lower but-tons will always be at the same place, where the feed finger reaches in to grasp the lower button.

The advantage of ready detachability is stated in the specification of the patent to be that a chute made for certain sized buttons may be readily removed, and another chute attached, constructed and ad-justed to take care of buttons of a different size, thus enabling the same machine to operate with different sized buttons by merely changing its button chute. There is no difference in the mechanism or opera-tion of the old and the new chutes; but it is claimed that under the old method, unless the machine were taken apart and another chute substituted whenever it was desired to use buttons of different size from those for which the chute was then adjusted, it was necessary to have several of the machines, each with its chute having the retain-ing spring or device at a point where it will accommodate the differ-ent size of buttons.

But, when the new machine was equipped with a chute for a given size of button, it was, in all essential respects, like the old Elliott machine equipped for the like size button, and when equipped with a chute for a different size of button it was, in function and operation, just like another of the old machines arranged for such size of button. For the seven years during which the application was pending in the Patent Office the applicant sought repeatedly, but vainly, to secure claims upon a plurality of interchangeable chutes, severally adjusted for different sized buttons, which undertakings were as persistently op-posed by the Patent Office, and all such claims were refused, and the claims finally allowed contain no reference whatever to a plurality or interchangeability of chutes, or to chutes of varying construction or adjustment to admit of using different chutes for different sized but-tons with same machine. In rejecting a claim which described a plurality or series of these chutes, the Patent Office properly said:

"A description of the machine is complete which includes only one chute, and a description including a series of chutes embraces more than is comprised in the machine. Those chutes which are temporarily disconnected from the machine are wholly separate from, and independent of it, and form no part thereof, and a claim which attempts to cover them all together covers an ag-gregation."

Plurality or interchangeability of chutes not having been patented to appellee, there is no infringement in their employment by another.

The action seems to be based on the function or the advantageous possibilities in the employment of a plurality of chutes, as stated

in the specifications of the patent, rather than upon its claims. In detachability alone there is no patentable invention, nor in the employment of a series or plurality of attachments, with none of which is achieved a new result, or an old result in a different way. The claims in issue of this patent, predicated as they are on the detachability of the button chute as an essential element, cannot be upheld.

The opinion of the District Court, reported in 224 Fed. 502, discusses more fully these propositions, and with its reasoning and conclusions we are in accord.

The decree of the District Court is affirmed.