EVANS v. ASSOCIATED AUTOMATIC SPRINKLER CO.

(Circuit Court of Appeals, Third Circuit.   March 29, 1917.)

No. 2150.

1. PATENTS ⬥⟹90(5)—PRIORITY OF INVENTION—RULE OF EVIDENCE.

On the question of priority between two inventors, each of whom used reasonable diligence in adapting and perfecting his invention by reducing it to practice, each can carry the date of his invention back to the date of his conception and disclosure, and the one who first conceived and disclosed his invention, and with reasonable diligence connected his conception with its reduction to practice, is the original and first inventor under the statute, without regard to which of the two first completed the reduction to practice.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 116.]

2. PATENTS ⬥⟹91(1)—PRIORITY OF INVENTION—BURDEN OF PROOF.

In a contest between rival inventors for priority of invention, where both have reduced their conception to practice, the burden is on the second reducer to practice to show his prior conception, and to establish the connection between his conception and its reduction to practice by proof of due diligence.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 121.]

3. PATENTS ⬥⟹91(3)—PRIORITY OF INVENTION—BURDEN AND MEASURE OF PROOF.

Where, through inadvertence, interference was not declared between two pending applications for the same invention until after a patent had been issued to the junior applicant, who brought suit for infringement against the other applicant, and interference proceedings later declared were suspended to await the determination by the court of the issue of priority of invention, the patentee, although the second constructive re-

ducer to practice, by his application is not required to establish his prior date of invention beyond a reasonable doubt, but only by a fair preponderance of evidence, in accordance with the rule governing in interference proceedings in the Patent Office.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 123.]

**4. PATENTS** ⬖328—VALIDITY—FUSIBLE LINK FOR AUTOMATIC SPRINKLER HEAD.

The Evans patent, No. 1,120,462, for a fusible link for a sprinkler head of, an automatic fire extinguisher system, *held* void for priority of invention by another.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by Powell Evans against the Associated Automatic Sprinkler Company. Decree for defendant, and complainant appeals. Affirmed.

For opinion below, see 229 Fed. 1007.

Howson & Howson, of Philadelphia, Pa. (Charles H. Howson, of Philadelphia, Pa., of counsel), for appellant.

Hector T. Fenton and Frederick A. Blount, both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an action for infringement. The patent in suit (No. 1,120,462) was granted Powell Evans, December 8, 1914, on an application filed March 13, 1914. The defense is invalidity by reason of an alleged prior invention of one Arthur C. Rowley, whose application for a patent was filed May 22, 1913 (Serial No. 769,139) and is still pending. To overcome the effect of the prior application of Rowley (the defendant's inventor), the plaintiff claimed and produced evidence to prove a prior conception and disclosure of his invention of a date not later than November 21, 1912, and a reduction to practice by January 1, 1913. Opposed to this, the defendant claimed that the invention of the patent had been conceived by Rowley even before that date and had been reduced to practice in 1905, and claimed a further disclosure and reduction to practice about November 6, 1912. The trial court found that the date of Evans' invention was not before January 1913, while that of Rowley was some time prior to November 21, 1912, and accordingly held the patent invalid. 229 Fed. 1007. Error is charged to the court in failing to find November 21, 1912 as the plaintiff's date of invention, and in finding the date of the defendant's invention any time prior to November 28, 1912.

Two questions are raised on appeal; one is a question of priority of invention, a question of fact as close as the dates upon which it turns; the other relates to the rule of evidence by which the question of priority is to be determined.

[1] The law upon the question of priority of invention is well established. As the evidence shows that both inventors used "reasona-

ble diligence in adapting and perfecting" their inventions by reducing them to practice, each can carry the date of his invention back to the date of his conception and disclosure (Christie v. Seybold, 55 Fed. 69, 75, 76, 5 C. C. A. 33; Automatic Weighing Machine Co. v. Pneumatic Scale Corporation, 166 Fed. 288, 298, 300, 92 C. C. A. 206), and the one who first conceived and disclosed his invention and with reasonable diligence connected his conception with its reduction to practice is the "original and first inventor" under the statutes, without regard to which of the two first completed the reduction to practice.

[2, 3] It is also well established as a rule of evidence that in a contest between rival inventors for priority of invention, where both have reduced their conceptions to practice, the burden is on the second reducer to practice to show his prior conception and to establish the connection between his conception and its reduction to practice by proof of due diligence (Christie v. Seybold, supra; Wurts v. Harrington, infra); but before that rule can be applied in this case we must first determine which of the two first reduced his invention to practice, and by what rule of evidence that fact is to be found.

It appears that the applications of Evans and Rowley, involving the identical subject matter, were pending in the Patent Office at the same time. The conflict between the two was not observed, and through inadvertence the Evans patent upon a junior application was issued over the Rowley senior application without interference proceedings having been declared. Upon discovering its mistake, the Patent Office declared an interference between the issued Evans patent and the pending Rowley application. In the meantime this action was brought for infringement of the patent, raising here the precise issue framed by the declaration of interference. The interference proceedings are still pending in the Patent Office, but have been suspended, with the approval of the Commissioner of Patents, to await the decision of this case, whereupon it is stipulated the losing party will file a concession of priority in favor of the other party, and thereby dispose of the interference.

While it thus appears that we are really trying an interference issue raised but not prosecuted in the Patent Office, the defendant urges that we should not apply the rules of evidence there applicable in such an issue, but that Evans, because of the inadvertent issue of a patent to him upon his junior application, must overcome the senior application of Rowley and establish *beyond a reasonable doubt* his prior date of invention just as though Rowley had been regularly granted a patent on his prior application, sued Evans for infringement, and Evans in defense had denied the validity of the patent because of anticipation or priority or want of novelty.

We do not understand this to be the rule in respect either to the junior or senior applicant. Though a patent has been granted Evans, the controversy is still one between rival applicants for a patent for the same invention. Evans, being the junior applicant, receives, and in fact, claims no advantage of position on account of the grant of the patent to him; while Rowley, having nothing more than an application, can claim only the advantage arising from its seniority.

That advantage is to cast the burden of proving priority of invention by actual reduction to practice upon his adversary, who by his junior application has shown himself to be the second reducer to (constructive) practice. By what character of evidence must this burden be sustained? Certainly not by evidence of prior invention conclusive in character or beyond a reasonable doubt as contended by the defendant, for evidence of that character is required only to overthrow the grant of a patent and is predicated upon the fact that a patent has been granted. Rowley has not been granted a patent and may never be granted one. Before he is entitled to a patent he must establish his claim to invention, and when that claim is challenged in the Patent Office by a rival inventor he must establish his priority of invention in just such an issue as the one before us. Until he has succeeded in that issue he is not entitled to a patent, and until he has been regularly granted a patent he cannot invoke a rule of evidence intended especially and solely for the protection of a patent grant. He must therefore try the issue according to the rules of evidence applicable to that issue without the aid of a presumption of a patent grant, and as the issue here is identical with and is really a substitute for that declared in the interference proceedings in the Patent Office, we think the rule as to the burden and quantum of proof to sustain such an issue which prevails in that forum should be applied here. That rule is, that between rival applicants for a patent, to one of whom a patent has been granted, the patent is disregarded, and the burden of proving priority of invention devolves upon the junior applicant, who in sustaining that burden is controlled by the ordinary rules of courts of law with respect to the burden of proof, and is required to establish his priority only by a fair preponderance of evidence. Wurts v. Harrington, 79 O. G. 337; Id., 10 App. D. C. 149. We shall therefore inquire for which of the contestants the evidence preponderates.

[4] The invention involved is a fusible link for a sprinkler head of an automatic fire extinguishing system. As the date and not the character of the invention is the issue, we are not concerned with its mechanism. In determining that date it is important to note that Evans and Rowley were independent inventors; that while they may have had their initial and elemental conceptions at different periods, they nevertheless worked along parallel lines, took identical steps, made similar disclosures, pursued their reduction to practice with equal diligence, stumbled upon an impediment in another patent, avoided it in the same way, and ultimately produced the same inventive result, all within periods of time separated by but a few days. The question is, which was first in conception and disclosure.

We shall state merely in outline the evidence which we think controls the case.

Evans produced a drawing of a link which he claimed embodies his conception and constitutes his disclosure. Upon the drawing is the date of January 5, 1913. Added to the inference that the date appearing upon the drawing is the date of the conception and disclosure is the sworn Preliminary Statement of Evans filed in the interference proceedings in the Patent Office in which he said:

"That he conceived the invention set forth in the declaration of interference in or about the month of January 1913; that in or about the month of January 1913 he first made drawings of the invention; that in or about the month of January 1913 he first explained the invention to others; that he first embodied his invention in a full sized machine, which was completed and successfully tested in or about the month of January 1913."

If Evans is bound by this evidence and is estopped to produce testimony different from and in conflict with it, we must hold with the court below that Evans was not the first inventor, for Rowley's conception and disclosure were concededly anterior.

But Evans explained the date on the drawing (without satisfactorily explaining the damaging admission in his Preliminary Statement) by testifying that he selected the date and put it on the drawing more than a year after it was disclosed, in order to avoid raising an issue with an employer concerning a contract touching inventions, which contract, while nominally in force until December 31, 1912, had prior to that time been verbally rescinded, and that the real date of disclosure was November 21, 1912. Without finding error by the trial court in holding Evans to his admitted date of disclosure we are inclined to test the case by his claimed date of disclosure. On that date (November 21, 1912) it was shown quite persuasively that Evans handed the drawing (afterwards dated January 5, 1913) to his foreman and directed him to make dies for links pursuant to that disclosure and his supplemental instructions. The foreman proceeded with reasonable diligence to make dies for links first in three parts with corrugations in different numbers, but encountering the Hibbard patent for a similar three-part link, reduced it to two parts, thereby producing the link of the patent and reducing the invention to actual practice.

Rowley claimed that he conceived the idea of his invention as early as 1905 and disclosed it by drawings in 1907 and 1911, but because of lack of money did not reduce it to practice until 1912. It is clear that Rowley could not stop with his early drawings and disclosures for what appears an unreasonable time, and then on his subsequent application for a patent hold his field of invention against a rival inventor whose conception of the same invention was later. Nor in this issue of priority can he succeed upon what amounts to his uncorroborated testimony. We shall therefore limit our consideration of Rowley's date to the period beginning November 1, 1912. Upon that date he and others testified that he went into the employ of the defendant company and upon disclosing his conception to its manager was at once set to work to make suitable dies. It appears that, like Evans, he began with a three-part link, and like him encountered the Hibbard patent for a similar three-part link, and again like Evans he avoided that patent by reducing it to a two-part link, producing in actual practice with due diligence the link in controversy. The date of November 1 as the date of Rowley's employment was testified to by several witnesses. It was further testified that on November 4 he showed a drawing of the link to his employer, who instructed him to make the link. The date was fixed by the employer by the fact that the day following, being Election Day, was a holiday, and on that day he went to New York. He testified that upon his return on the

6th, Rowley showed him the completed link. Thus November 6th was fixed by Rowley and others as the date of his reduction to practice. It was further testified that during the months of November and December, Rowley continued to develop the link, and upon another holiday, namely Thanksgiving Day, November 28, the manager again went to New York and while there showed his brother one of Rowley's two-part links, and discussed its merits with him. This evidence would be conclusive were it not that some one is wrong in his dates. While two witnesses testified that Rowley entered the employ of the defendant on November 1, it was shown by very convincing testimony that during the period from November 1 to November 7, Rowley was in the employ of another sprinkler company, and that the earliest date upon which he could have entered the employ of the defendant was November 8. Resolving this conflict of testimony against Rowley, we shall consider the date of his employment as November 8. It was testified and not disputed that Rowley disclosed his conception to his manager upon entering the defendant's employ; that he entered its employ on Friday (either November 1 or November 8), and that he made the dies for the first link on "Monday following (his) starting" with the defendant. It was further testified that it did not take more than one-half hour to make the dies. This testimony was supplemented by other testimony that at that time and for a period following, Rowley was the only employé of the defendant company, which was just beginning the business of manufacturing sprinkler appliances, and that he was exclusively occupied in developing, testing and making the sprinkler head link he had conceived and disclosed to his employer. We are of opinion that, taking Evans at his claimed date of November 21, it was shown by a preponderance of evidence that Rowley conceived and disclosed his invention and was diligently engaged in reducing it to actual practice before Evans' claimed date of conception and disclosure, and therefore direct that

The decree below be affirmed.