## WILLARD et al. v. UNION TOOL CO.

(Circuit Court of Appeals, Ninth Circuit. October 19, 1925. Rehearing Denied November 16, 1925.)

No. 4567.

Patents ⚖=324(5)—Merits of controversy, not passed on by trial court, will not be determined by appellate court.

Where plaintiffs, seeking extension of injunction against patent infringement by supplemental decree, objected to court taking evidence on merits of question presented, on ground that prior adjudication established their rights, and, on court's ruling that prior adjudication was not that broad, asked that their motion be denied, and from denial prosecuted appeal, appellate court, agreeing with lower court as to scope of prior adjudication, would not proceed to determine merits on which trial court had not passed.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California.

Suit by Arthur G. Willard and another against the Union Tool Company. From an order denying motion for supplemental decree extending injunction, plaintiffs appeal. Order affirmed.

G. Benton Wilson and Hamer H. Jamieson, both of Los Angeles, Cal., for appellants.

Henry S. MacKay, Frederick S. Lyon, Leonard S. Lyon, and Henry S. Richmond, all of Los Angeles, Cal., and Carey Van Fleet, of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from an order denying a motion for a supplemental decree to extend an injunction which had been issued in an equity suit wherein Willard and Wilson were plaintiffs and Union Tool Company was defendant, for the infringement of letters patent No. 1,064,270, for improvements in well-boring apparatus, and injunction and accounting. Willard v. Union Tool Co., 253 F. 48, 166 C. C. A. 646.

In that case the District Court held that all the claims of the patent were void and dismissed the suit, but upon appeal this

court, while affirming the decree dismissing the suit as to claims 1, 2, 3, 4, and 5, reversed it as to the other claims, and remanded the cause for further proceedings. Our opinion was based upon the view that the contest was not one between two rival patentees, but was between the owners of the patent and persons admitted to be infringers if the claims of the patent were sustainable. In other words, decision turned upon the question of who was the inventor of the device included in the claims of the patent.

After remand, disclaimer on claims 1 to 5 was filed, and interlocutory decree was entered, finding claims 6 to 9 valid, and enjoining the defendant from infringing those claims, and referring the matter to a special master for an accounting. The special master sustained the objections of the defendant to the inclusion in the accounting, sales of a modified form of the devices, a multiple bushing, made by the defendant, as within the intendment of the decree, and reported accordingly.

Plaintiffs also instituted a contempt proceeding, founded upon the theory that defendant was in contempt in manufacturing and selling a rotary drilling device alleged to be covered by claims 6, 7, 8, and 9 of the patent. Upon the contempt hearing Judge Bledsoe said the issue was whether or not the then existing injunction covered a multiple piece bushing, and held that all the devices mentioned in the interlocutory decree were single piece bushings; that there never had been a construction of the patent with reference to the inclusion of a two-piece bushing, and that construction of the scope of the patent not having been before the District Court, or the Circuit Court of Appeals, the question of the defendant's right to make a two-piece bushing ought to be decided on the merits, and not in a contempt hearing. He therefore dismissed the proceeding without prejudice to an application for a hearing on the merits as to the propriety of enjoining the manufacture of a two-piece bushing. Thereafter plaintiffs moved for supplemental decree to extend the injunction, relying upon the record in the case as showing that a multiple or two-piece bushing had been considered by the District and appellate courts, and that such form of construction should be included in the injunction. Defendant answered the motion and denied infringement, pleaded estoppel, and prayed for an order to take depositions. When the motion was called, plaintiffs' counsel insisted that there was no issue before the court calling for evidence on the motion,

as the adjudication covered the defendant's device. The court held that the decree in the case and the decision of this court did not cover the combinations with a two-piece bushing. Plaintiffs then asked if they might have a denial of their motion, whereupon the court denied the motion, and this appeal followed.

We think the District Court was right in its understanding that this court did not decide whether the scope of the claims sustained was broad enough to include the two-piece bushing now used by defendant. Plaintiffs, therefore, ought not to have objected to the introduction of evidence by which the District Court could gain the information necessary to form an accurate conclusion upon the merits of their motion to extend the injunction. By their attitude they obtained an order which resulted in taking away from the consideration of the trial court the merits of the question they ask the appellate court to decide. They should first obtain a decision of the District Court.

The order denying the motion is affirmed.