33 C.C.P.A. (Patents)

## Application of HOBSON.

### No. 4909.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

Ira J. Wilson and John F. McCanna, both of Chicago, Ill. (Andrew F. Wintercorn, of Rockford, Ill., of counsel) for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office allowed certain specific claims (on appeal the Board of Appeals allowed one, claim 18) in appellant's application for a patent relating to a combination broiler and server of meats from domestic ranges, but rejected a number of claims, among which are claims numbered 1, 2 and 4, which are the only ones in the application which appellant asks us to consider here. Upon appeal by appellant to the Board, it affirmed the action of the Examiner in the rejection of the said appealed claims and from its decision appeal is here taken.

Claim 1 is regarded as typical of all three claims involved and reads as follows: "1. A combination broiler and server for use in conjunction with a domestic range in a home for the serving of sizzling steaks and the like on a table, comprising in combination a drip pan adapted to fit in a broiling compartment in the range to support a grill with food thereon to be broiled, the drip pan having a dished central portion forming a primary drain receptacle, a serving tray also adapted to support a grill and to be placed on the table in the serving of the broiled meat, the serving tray having a dished central portion forming a secondary drain receptacle which by engagement with the table supports the grill in elevated substantially insulated relation to the table, said serving tray further acting as a cool carrier for the hot grill in carrying the

same from the range to the table, and a grill constructed to fit interchangeably in the drip pan and serving tray whereby the grill is adapted to be transferred from the drip pan in the oven to the serving tray and placed therewith on the table while still hot from the broiling operation."

Appellant in brief describes his invention as follows:

"The application discloses and claims a combination broiler and server for use in conjunction with a domestic range in a home for the serving of sizzling steaks and the like on a table. It is a culinary article or utensil comprising primarily a grill upon which the food, such as a steak or chops, is both broiled and served. This grill may be made of aluminum, pottery, heat resistant glass, or steel. The invention contemplates that the food be cooked in the oven and served at the table upon this grill without removal therefrom.

"For supporting the grill in the oven during the cooking and on the table during the serving, and for collecting the juices and grease resulting from the cooking so as to prevent them from dripping into the oven during the cooking and onto the table during the serving, a plurality of holders or supports for the grill are provided.

"The support upon which the grill rests and in which the juices and grease are collected during cooking is referred to in the application as the drip pan, while the support upon which the grill rests and in which the juices and grease dripping from the grill are collected during the serving at the table, is referred to in the application as the serving tray."

The drip pan which remains in the oven is preferably of porcelain, enameled, while the serving tray, which is of the same shape, size and configuration as the drip pan, is preferably made of stainless steel or chrome plated sheet metal in order that it may be attractive in its appearance.

By this arrangement appellant provides that a sizzling steak may be taken from the oven while the steak remains on the grill, the grill and the steak having been removed from the porcelain drip pan. The grill with the steak is placed in the attractive metal serving tray which has not been used in the oven but which at the table may serve as a drip pan in the same manner as did the drip pan in the oven. In other words, appellant's so-called serving tray is a duplicate of the broiling drip pan except that it is of different material and is not used in the oven.

The appealed claims, 1, 2 and 4, were rejected upon two grounds:

1. On the ground that the claims called for an aggregation and not a true combination; and,

2. That they called for nothing inventive over certain prior art patents.

The examiner and the Board concurred in both grounds of rejection.

In view of the fact that we are in agreement with the tribunals below upon the rejection of said claims upon the ground of aggregation it will not be necessary for us to consider the prior art. With reference to aggregation the examiner said: "Claims 1, 2 and 4 stand rejected as lacking in patentable combination and invention. The examiner is of the opinion that the mere fact that a person manipulating the devices might be construed as a common operating element would not warrant a holding that there is a valid combination between the two drip pans and that it would require but a matter of choice and selection to provide or obtain a duplicate drip pan for use as a server;" and the Board, directing its attention to the ground of rejection relating to aggregation, remarked:

"Claims 1, 2 and 4 have been rejected on the ground of lacking patentable combination. This appears to be the situation otherwise called aggregation. The examiner holds that there is no dependence between the grill element with both the baking or drip pan and the serving tray. The grill element which directly supports the steak is placed within the drip or baking pan while the steak is being broiled. After being thus broiled, the grill with the steak thereon is transferred to the serving tray for purpose of taking it to and holding it on the dining table.

"Upon consideration of this situation, we believe it is apparent that there is no particular patentable combination producing any new or unobvious result or having any interdependence between the grill and the serving tray. The grill may be employed for cooking purposes without necessity of a serving tray. Obviously serving trays generally may be employed for serving anything desired such as the steak without the grill. There is clearly no dependence be-

tween all three elements taken together, the drip pan or baking receptacle, the grill and the serving tray. · The grill may be conceivably combined with a drip pan or baking receptacle as in Spake and Stockstrom et al. or it might possibly be claimed in combination with a serving tray alone as in Smith but we do not believe that it can properly be claimed as in combination with both of these. They are mutually exclusive. This ground of rejection is affirmed. Thropp's Sons Co. v. Seiberling, 1924 C.D. 526; 264 U.S. 320, 44 S.Ct. 346, 68 L.Ed. 708; Grinnell Washing Machine Co. v. E. E. Johnson Co., 1918 C.D. 363; 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196; Elliott Machine Co. v. Rothchild, 7 Cir., 235 F. 896; Bryant Electric Co. v. Harvey Hubbell, 2 Cir., 267 F. 572; Standard Cap and Seal Corp. v. Coe, 537 O.G. 713; 75 U.S.App.D.C. 60, 124 F.2d 278."

■ We are in accord with the holding of the Board that the involved claims define no patentable combination. There is no mechanical connection between the two drip pans. They do not form a unitary structure. The user may substitute one for the other and the use of one precludes the simultaneous use of the other. As was suggested by the examiner, one might want to have two drip pans, one of which would not be greasy when the food was served. Two drip pans used as appellant uses his drip pan and serving tray, would infringe the appealed claims if in a patent. It must be remembered that the claims on appeal are article claims.

■ The principle of law here involved is so familiar that it would seem to require no extended discussion of decided cases. However, certain cases establish and illustrate the principle so clearly that we think attention should be called to some of them.

In Willard v. Union Tool Co., 9 Cir., 253 F. 48, the claim was for a drive bushing for rotating a well-drilling pipe and slips for holding the pipe up while removing it. It was held by the court that it was not a true combination and therefore the claim was invalid.

In Yale & Greenley Mfg. Co. v. North, 30 F.Cas. 776, 780, 5 Blatchf. 455, which was cited in the Willard case, supra, an alleged combination relating to a lock or a mechanism preventing the picking of the same was held not to be a true combination, District Judge Shipman stating that "A combination in mechanism must consist of distinct mechanical parts, having some relation to each other, and each having some function in the organism."

The case of Krell Auto Grand Piano Co. of America v. Story & Clark Co. et al., 7 Cir. 207 F. 946, holds in effect that it is not always necessary that there be coaction between the elements claimed. It was there stated that a combination consisting of two gun sights and the gun upon which they were located would seem to define a patentable invention although there was no cooperation between the front-sight and the rear-sight or between the sights and the gun. It was further stated that although there was no coaction or cooperation between the driving mechanism and the steering mechanism of a gas engine except that which is imparted by the hands of the driver nevertheless the elements so defined constituted invention, citing Columbia Motor Car Co. v. Duerr & Co., 2 Cir., 184 F. 893, 107 C.C.A. 215. Regardless of whether we think t' :re was coaction or cooperation between the elements in the first example it is true that the article consists of parts forming a unitary structure and the sights bear a definite relation to the gun. The handling of the gun makes the elements cooperate. The examiner in the case at bar suggested the absence of a common cooperating element.

The case of Ohmer Fare Register Co. v. Ohmer, 6 Cir., 238 F. 182, which was cited by the appellant, involved what was there determined to be ·a true combination based · upon the fact that the coaction producing the unitary result comes through an operator or an operating force and that although the coaction did not exist otherwise it consisted of a true combination. That case did not involve the situation at bar. There there was a unitary article, the operation of the parts of which brought about a new and useful result, which further illustrates the necessity, in cases such as the one at bar, of the claimed parts of the combination forming a unitary article and that when in use they cooperate together through some medium to perform some useful function. In the case at bar the drip pan and the serving tray are never used simultaneously.

Appellant also cites Office Specialty Mfg. Co. v. Fenton Metallic Mfg. Co., 174 U.S. 492, 19 S.Ct. 641, 43 L.Ed. 1058; Brinkerhoff v. Aloe, 146 U.S. 515, 13 S.Ct. 221, 36 L.Ed. 1068, and Pickering v. McCullough, 104 U.S. 310, 318, 26 L.Ed. 749.

None of the above discussed cases, in which the patents involved were held invalid on the ground of aggregation, involved a situation like that at bar and certainly cannot be regarded as supporting authority for the conclusion that there is such a relationship between the elements herein involved as to bring about the kind of result for which patent award is granted.

In the last cited case, the Pickering case, the Court said: "In a patentable combination of old elements, all the constituents must so enter into it as that each qualifies every other." This latter rule would seem to be the logical test and it is obvious that appellant's structure does not meet this requirement.

This Court, In re Dougherty, 79 F.2d 920, 23 C.C.P.A., Patents, 714; held the claims involved to be for an aggregation wherein a plurality of interchangeable gas burners for use in a water heater were claimed in a combination claim. The burners were never used at the same time or in the same operation and they produced no unitary result. It was optional which set of burners were used. It was held that the claims on appeal were properly rejected on the ground of aggregation.

In Re Lewis, 129 F.2d 560, 561, 29 C.C.P.A., Patents, 1133, the question was whether an apparatus used for the manufacture of sheet glass consisting of a continuous melting furnace and also a movable furnace, both of which were never used at the same time or in the same operation of the system, constituted a true combination or an aggregation. We held that under such circumstances an aggregation only existed. The movable furnace was to take care of the melting of small quantities of glass. It was optional which furnace was used, and it will be noted that we specially qualified the ordinary statement that the parts must function simultaneously. We there said that they must function "simultaneously or successively to produce a unitary result," and cited numerous authorities which we think are pertinent here.

While the question of aggregation was not mentioned in our decision in In re Hughes, 49 F.2d 478, 18 C.C.P.A., Patents, 1292; it was there held that a combination made of a machine and the material or dye solvent used therewith was not patentable. In other words, it was held that it was not a true combination.

Running through a great array of decisions by the various courts may be found a uniform holding that an aggregation exists in a combination of a number of old elements if each old element performs in the combination nothing more than its original purpose. But the issue in this line of cases is not quite the issue presented here. Here we have an instance where two of the articles combined in the claims at no time form a part of a unitary article.

There are probably exceptions to the rule that elements which are only alternatively used may not form a part of a true patentable combination and the syllabus of the decision by the Board of Appeals in Ex parte Lasker, 31 U.S.P.Q. 341, may be quoted as deciding the following: "While, as general proposition, claiming of elements which are only alternatively used may render claim aggregative, there are certain classes of mechanism which require for fulfillment of their purpose parts which are intended to be used alternatively, for instance types of typewriters, keys and reeds of organ, variable speed mechanisms; alternatively-used parts contribute to unitary result and their inclusion in claim does not render it aggregative; same is true of tabulating machines and auxiliary spacing machines."

The question in that case arose with relation to means for feeding sheets into a machine and while there were alternative uses of the elements it is obvious that they all contributed to the same common purpose.

While the combination of the drip pan and the serving tray are claimed together they are not combined in any relationship while in use, and it is our opinion, and we so hold, that the Board correctly held that the claims at bar called for a mere aggregation and its decision so holding is affirmed.

Affirmed.